UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELYN CRANTON, an individual, on behalf of herself and on behalf of all persons similarly situated,<br><br>                        Plaintiff,<br><br>v.<br><br>GROSSMONT HOSPITAL CORPORATION, a California Corporation; and DOES 1 through 50, inclusive,<br><br>                        Defendants. | Case No.: 22-CV-443 JLS (MDD)<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT; (2) DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE; AND (3) GRANTING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**<br><br>(ECF Nos. 12, 12-2 & 17-1) |

Presently before the Court is Plaintiff Jacquelyn Cranton's ("Plaintiff") Motion to Remand Case to State Court ("Mot.," ECF No. 12). Also before the Court are Defendant Grossmont Hospital Corporation's ("Defendant" or "Grossmont") Opposition thereto ("Opp'n," ECF No. 17) and Plaintiff's Reply in support thereof ("Reply," ECF No. 18). Finally, both Parties submitted Requests for Judicial Notice. *See* ECF No. 12-2 ("Pl.'s RJN"); ECF No. 17-1 ("Def.'s RJN"). The Court took these matters under submission on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 16. Having considered Defendant's Notice of Removal ("Notice," ECF No. 1); Plaintiff's Complaint, *id.* Ex. 1 ("Compl.," ECF No. 1-2); the Parties' arguments; and the law, the

Court **GRANTS** Plaintiff's Motion, **DENIES** Plaintiff's RJN, and **GRANTS** Defendant's RJN, for the reasons that follow.

## BACKGROUND

Grossmont, located in La Mesa, California, "is the largest health care facility in East San Diego County." Compl. ¶ 2. Plaintiff, a registered nurse, began working for Grossmont as a non-exempt employee in August 2018. *Id.* ¶ 3; Declaration of Rachel Davis in Support of Notice of Removal ("Davis Decl.," ECF No. 1-4) ¶ 2. Plaintiff resigned from her employment with Defendant in October 2021. Davis Decl. ¶ 2.

On January 13, 2022, Plaintiff initiated this putative class action in the Superior Court of California, County of San Diego, by filing her Complaint, which alleges eight claims for violations of the California Labor and Business and Professions Codes. *See generally* Compl. Plaintiff asserts these claims on behalf of both a California class and a California sub-class comprised of current and former non-exempt employees of Defendant. *See generally id.*

On April 4, 2022, Defendant removed to this District. *See generally* Notice. Defendant asserts that this Court has original jurisdiction over this matter because "Plaintiff's claim requires interpretation of a collective bargaining agreement ("CBA") and thus is completely preempted by federal law under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185." Notice at II.6. Defendant claims that "[t]he terms and conditions of Plaintiff's employment with Defendant was governed by a CBA covering Registered Nurses working for Defendant." *Id.* at II.9; *see also* Davis Decl. Exs. A & B.

On May 4, 2022, Plaintiff filed the instant Motion seeking to remand this action. *See* Mot. The Parties jointly moved to continue the hearing date, *see* ECF No. 14, which request the Court granted, at which time the Court further took the matter under submission for decision without oral argument, *see* ECF No. 16.

///
///
///

# REQUESTS FOR JUDICIAL NOTICE

## I.    Legal Standard

"A court can consider evidence in deciding a remand motion, including documents that can be judicially noticed." *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 941 (C.D. Cal. 2014) (compiling cases). Per Federal Rule of Evidence 201, a court may take judicial notice of an adjudicative fact if it "is not subject to reasonable dispute because it (1) is generally known within the court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Rule 201, however, deals only with adjudicative facts. *See Lindland v. TuSimple, Inc.*, Case No. 21-CV-417 JLS (MDD), 2022 WL 687148, at *3 (S.D. Cal. Mar. 8, 2022) (citation omitted). "Adjudicative facts are simply facts of the particular case," whereas legislative facts are those related to "legal reasoning and lawmaking." Fed. R. Evid. 201(a), Notes of Advisory Committee on Proposed Rules Subdivision (a). "It is unnecessary to request that the court judicially notice published cases from California and federal courts as legal precedent; the court routinely considers such legal authorities in doing its legal analysis without a party requesting that they be judicially noticed." *Lindland*, 2022 WL 687148, at *3 (quoting *Lucero v. Wong*, No. C 10-1339 SI PR, 2011 WL 5834963, at *5 (N.D. Cal. Nov. 21, 2011)); *see Benton v. Cory*, 474 F. App'x 622, 623–24 (9th Cir. 2012) ("We grant [appellant]'s request for judicial notice of court filings in other proceedings, but deny as unnecessary his request for judicial notice of legal authorities.") (citing *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011)); *Owino v. CoreCivic, Inc.*, No. 17-CV-1112 JLS (NLS), 2018 WL 2193644, at *2 (S.D. Cal. May 14, 2018) ("It is well established that []courts may consider legal reasoning and conclusions of other federal courts without resort to Rule 201.") (citing *Derum v. Saks & Co.*, 95 F. Supp. 3d 1221, 1224 (S.D. Cal. 2015)); *Nguyen v. Cavalry Portfolio Servs., LLC*, No. 15-CV-0063-CAB-BLM, 2015 WL 12672149, at *2 (S.D. Cal. Feb. 20, 2015) ("[I]t is inappropriate to request that the Court take judicial notice of legal authority, as judicial notice is reserved for

adjudicative fact[s] only.") (quoting *Stiller v. Costco Wholesale Corp.*, No. 3:09-cv-2473-GPC-BGS, 2013 WL 4401371, at *1 (S.D. Cal. Aug. 15, 2013)).

## II. Analysis

Both Plaintiff and Defendant filed requests for judicial notice. *See generally* Pl.'s RJN; Def.'s RJN. Specifically, Plaintiff requests the Court take judicial notice of the March 28, 2022 order granting a motion to remand in *Tyon Hood v. National Steel and Shipbuilding Company*, Case No. 21-cv-00663-AJB-DEB (S.D. Cal.), *see generally* Pl.'s RJN, while Defendant asks the Court to judicially notice the California Minimum Wage Orders showing the required minimum wages effective January 1, 2017 through January 1, 2023, *see* Def.'s RJN at 2.

It is unnecessary for the Court to judicially notice legal authority; accordingly, the Court **DENIES** Plaintiff's RJN. The Court may and will, however, rely on the identified legal authority and the reasoning therein to the extent it is analogous to the present case and the Court finds it persuasive.

As to the California Minimum Wage Orders, other courts have judicially noticed the same information, reasoning that it is generally known within the jurisdiction and/or public information published on a government website, the accuracy of which cannot reasonably be questioned. *See, e.g.*, *Lowe v. Lifestyle Publ'ns, LLC*, Case No. SACV 19-198 JVS (ADSx), 2019 WL 1500665, at *2 n.2 (C.D. Cal. Apr. 5, 2019); *Alvarez v. AutoZone, Inc.*, EDCV 14-2471-VAP (SPx), 2017 WL 10562874, at *9 (C.D. Cal. Oct. 4, 2017). The Court agrees and accordingly **GRANTS** Defendant's RJN.

## MOTION TO REMAND

### I. Legal Standards

#### A. *Removal and Remand*

A defendant may remove an action "brought in a State court of which the district courts of the United States have original jurisdiction" to federal court. 28 U.S.C. § 1441(a). Here, Defendant asserts this Court's purported original jurisdiction is based on a federal

///

question. *See generally* Notice. Federal-question jurisdiction exists if a civil action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also* 28 U.S.C. § 1441(a). "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. As such, the plaintiff is the "master of the claim." *Id.*

The party invoking the removal statute bears the burden of establishing that federal subject-matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Moreover, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

**B.     Preemption Under LMRA § 301**

The "complete preemption" doctrine provides a corollary to the well-pleaded complaint rule. *See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 22 (1983). This doctrine provides that any claim purportedly based on preempted state law is properly considered a federal claim arising under federal law. *Id.* at 24; *see also Caterpillar*, 482 U.S. at 393. The complete preemption doctrine "is applied primarily in cases raising claims pre-empted by § 301 of the LMRA." *Caterpillar*, 482 U.S. at 393.

Section 301 of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting

5

22-CV-443 JLS (MDD)

>commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

The United States Supreme Court "has explained that § 301 preempts only claims founded directly on rights created by collective-bargaining agreements, and also claims substantially dependent on analysis of a collective-bargaining agreement." *Cramer v. Consol. Freightways Inc.*, 255 F.3d 683, 690 (9th Cir. 2001) (internal quotations omitted) (citing *Caterpillar*, 482 U.S. at 394; *Franchise Tax Bd.*, 463 U.S. at 23). A state court suit seeking to vindicate workers' rights without regard to the collective-bargaining agreement ("CBA") is preempted if it "requires the interpretation of a collective-bargaining agreement." *Cramer*, 255 F.3d at 690 (quoting *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988)); *see also Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985) (holding that a claim is preempted if "evaluation of the tort claim is inextricably intertwined with consideration of the terms of the labor contract"). In other words, "if the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law . . . is preempted and federal labor-law . . . must be employed to resolve the dispute." *Lingle*, 486 U.S. at 405–06. However, the Supreme Court has also made "clear that when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994) (citing *Lingle*, 486 U.S. at 413 n.12). In sum, "[a] state law claim is not preempted under § 301 unless it necessarily requires the court to interpret an existing provision of a CBA that can reasonably be said to be relevant to the resolution of the dispute." *Cramer*, 255 F.3d at 690. "The plaintiff's claim is the touchstone" for this analysis; "the need to interpret the CBA must inhere in the nature of the plaintiff's claim." *Id.* at 691.

Consistent with the foregoing principles, the Ninth Circuit has articulated a two-part test to determine whether a claim is preempted by § 301.  First, the court must determine whether the cause of action arises out of state law or the CBA.  *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007).  If the right exists solely as a result of the CBA, the claim is preempted and the analysis is over.  *Id.*

Second, if the right exists independent of the CBA, the court must consider "whether it is nevertheless 'substantially dependent on analysis of a collective-bargaining agreement.'"  *Id.* (citing *Caterpillar*, 482 U.S. at 394).  "[T]o determine whether a state law right is 'substantially dependent' on the terms of a CBA . . . the [Supreme Court] directs us to decide whether the claim can be resolved by 'look[ing] to' versus interpreting the CBA."  *Id.* at 1060 (citations omitted).  The Ninth Circuit has previously "stressed that, in the context of § 301 complete preemption, the term 'interpret' is defined narrowly—it means something more than 'consider,' 'refer to,' or 'apply.'"  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1033 (9th Cir. 2016) (citing *Balcorta*, 208 F.3d at 1108 (9th Cir. 2000)).  "[D]efensive reliance on the terms of the CBA, mere consultation of the CBA's terms, or a speculative reliance on the CBA will not suffice to preempt a state law claim."  *Humble v. Boeing Co.*, 305 F.3d 1004, 1008 (9th Cir. 2002) (citation omitted).

**II.     Analysis**

Plaintiff argues that there is no basis for this Court to exercise subject-matter jurisdiction over this matter because her claims arise under state law rather than any CBA, and the Court need not analyze any CBA to decide the case; accordingly, the LMRA does not preempt her claims.  ECF No. 12-1 ("Mot. Mem") at 6–16.  Plaintiff further contends that removal is improper based on California Labor Code § 514 because that statute is an affirmative defense that cannot be used to argue preemption under the LMRA.  *Id.* at 17–20.  Finally, Plaintiff posits that Defendant's reliance on the CBA as an affirmative defense does not justify removal based on preemption under the LMRA.  *Id.* at 20–22.

The Court now will analyze each of Plaintiff's claims using the Ninth Circuit's *Burnside* test, in the order in which they are addressed in Defendant's Opposition.

### A.     Claim 3 (Unpaid Overtime)

Defendant principally argues that Plaintiff's claim for unpaid overtime is preempted by § 301 under the reasoning of *Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146 (9th Cir. 2019), because the CBAs that cover Plaintiff satisfy each element of California Labor Code § 514.  *See* Notice ¶ 19; Opp'n at 4–14.  Plaintiff argues that § 514 is an affirmative defense that does not provide a basis for preemption and/or removal, Mot. Mem. at 17–20, and that the Ninth Circuit's decision in *Curtis* is "non-dispositive here," *id.* at 24.

Plaintiff's unpaid overtime claim is based on Defendant's alleged violations of California Labor Code § 510.  *See* Compl. ¶¶ 76–91.  However, the requirements of § 510, by the section's own terms, do not apply to "[a]n alternative workweek schedule adopted pursuant to a collective bargaining agreement pursuant to Section 514."  Cal. Lab. Code § 510(a)(2).  Section 514, meanwhile, provides:

> Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

*Id.* § 514.

In *Curtis*, the Ninth Circuit addressed the interplay between § 514 and preemption under the LMRA.  There, the plaintiff brought a putative class action in state court against his former employer for various violations of the California Labor Code, including § 510. 913 F.3d at 1149–50.  The plaintiff was a member of a union and subject to two CBAs. *Id.* at 1150.  The defendant removed the case based, at least in part, on § 301 of the LMRA. *Id.* The district court then granted the defendant's motion to dismiss on the ground that the plaintiff's claims were preempted.  *Id.* at 1151.  The Ninth Circuit determined that the plaintiff's overtime claim was preempted by the LMRA at step one of the *Burnside* test, because "Curtis's CBAs in this case meet the requirements of section 514, and therefore

/ / /

1 | Curtis's claim for overtime pay is controlled by his CBAs"; thus, "Curtis's right to overtime 'exists solely as a result of the CBA.'" *Id.* at 1155 (quoting *Kobold*, 832 F.3d at 1032).

District courts have adopted different views of *Curtis*'s implications on the reach of LMRA preemption, sometimes distinguishing *Curtis* because it was decided on a motion to dismiss rather than a motion to remand, or because the plaintiff there conceded that the CBA applied. *See Jimenez v. Young's Market Company, LLC*, Case No. 21-cv-02410-EMC, 2021 WL 5999082, at *6–7 (N.D. Cal. Dec. 20, 2021) (collecting and analyzing cases). Other courts have found that LMRA preemption based on the application of the § 514 exemption can raise a federal question such that removal is appropriate. *See id.* Ultimately, however, this Court need not decide which approach is correct. Even assuming that *Curtis* condones the exercise of federal-question jurisdiction premised on an affirmative defense of § 301 preemption, the Court finds, on the facts before it, that Plaintiff's overtime claim is not preempted.

First, in accordance with *Burnside*, the Court must assess whether Plaintiff's claim exists solely as a result of the CBAs Defendant asserts as a basis for the removal of this action. Applying the reasoning of *Curtis*, the Court makes this determination by analyzing whether the CBAs here meet the requirements of § 514. The Court finds that they do not.

Plaintiff claims to have opted out of the CBAs. *See* Mot. Mem. at 1. Defendant asserts that "Plaintiff simply cannot refute that when she worked for Grossmont she was covered by two valid and enforceable CBAs," Opp'n at 1, and that Plaintiff could not "opt out" of the CBAs, *id.* at 7 (citation omitted). Defendant further argues that "courts have held that a plaintiff's lack of coverage under a CBA is insufficient to deny section 301 preemption where she has filed suit on behalf of covered employees, which Plaintiff has." *Id.* (citing *Braswell v. AHMC San Gabriel Valley Med. Ctr. LP*, No. 21-09959-MWF-AGR, 2022 WL 707206, at *4 (C.D. Cal. Mar. 8, 2022); *Dep't of Fair Emp. & Hous. v. Verizon Cal., Inc.*, 108 Cal. App. 4th 160 (2003)).

In focusing on whether Plaintiff is covered by the CBAs, however, the Parties miss the point. Plaintiff brings this suit on behalf of (i) a California class comprised of "all

individuals who are or previously were employed by DEFENDANT in California and classified as non-exempt employees" during a particular time period, and (ii) a California labor sub-class comprised of "all members of the CALIFORNIA CLASS who are or previously were employed by DEFENDANT in California and classified as non exempt employees" during a given time period. Compl. ¶¶ 28, 38. The CBAs cover a "bargaining unit" comprised of most registered nurses working for Defendant, but which excludes "Registered Nurses working at clinics" as well as "[a]ll other professional employees, physicians, non-professional employees, technical employees, business office clerical employees, skilled maintenance employees, guards, and supervisors." *See* Davis Decl. Exs. A & B at Art. I § 102.

District courts have concluded post-*Curtis* that a "CBA does not meet Section 514's requirements [if] it does not meet the requirements with respect to <u>all employees</u>." *Rooney v. Save Mart Supermarkets*, No. 220CV00671JAMFEB, 2020 WL 3819481, at *3 (E.D. Cal. July 8, 2020) (emphasis in original); *see also Huffman v. Pac. Gateway Concessions LLC*, No. 19-CV-01791-PJH, 2019 WL 2563133, at *6 (N.D. Cal. June 21, 2019) ("Because the San Jose CBA plainly failed to provide a regular hourly rate of pay of not less than 30 percent more than the state minimum wage for at least some employees, Section 514 does not bar Section 510 from applying to plaintiff. As such, plaintiff's asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA."). As the party that removed this action, Defendant bears the burden of establishing that removal is proper, but the Court cannot reasonably draw the inference on the record presently before it that all employees on whose behalf this action is brought are covered by a CBA that meets the requirements of § 514.

Although Defendant asserts that Plaintiff is covered by the CBAs, that bare assertion is inadequate. Plaintiff does not allege what her role at Grossmont was, *see generally* Compl., but accepting, as Defendant claims, that Plaintiff was a registered nurse, not *all* registered nurses are covered by the CBAs, *see* Davis Decl. Exs. A & B at Art. I § 102. Accordingly, it is not clear that Plaintiff's own claim is covered by the CBAs such that it

falls within the § 514 exemption. Moreover, because the Complaint does not limit the California class and California labor sub-class to registered nurses covered by the CBAs, it is more likely than not that the classes include persons exempted from the "bargaining unit" who are therefore not covered by the § 514 exemption. "In view of the foregoing, the Court finds plaintiff's asserted cause of action involve[s] a right conferred upon an employee by virtue of state law, not by a CBA." *Calderon v. Physicians for Healthy Hosps., Inc.*, No. 520CV01875JWHSPX, 2021 WL 871985, at *4 (C.D. Cal. Mar. 9, 2021) (citations and internal quotation marks omitted) (finding claim did not exist solely as a result of CBAs where § 514 was satisfied as to "the vast majority" of covered employees and the plaintiff, a security guard, was not covered by any CBA); *see also Ayala v. Destination Shuttle Servs. LLC*, No. CV136141GAFPJWX, 2013 WL 12092284, at *3 (C.D. Cal. Nov. 1, 2013) (in finding claims preempted, noting that "Defendants have presented evidence to support their assertion that Plaintiff *and putative class members* are commercial drivers subject to CBAs as defined by § 512, and Plaintiff has provided no evidence to the contrary") (emphasis added).[1]

---

[1] Defendant claims that "courts have held that a plaintiff's lack of coverage under a CBA is insufficient to deny section 301 preemption where she has filed suit on behalf of covered employees, which Plaintiff has." Opp'n at 7 (citations omitted). While technically true, the Court believes the case so holding may have misconstrued and misapplied the relevant law.

Specifically, Defendant cites to *Braswell v. AHMC San Gabriel Valley Medical Center LP*, which states: "Where, as here, a plaintiff files suit on behalf of employees covered by a qualifying CBA, her own lack of CBA coverage is not a defense to preemption under *Curtis*." Case No. CV 21-09959-MWF (AGR), 2022 WL 707206, at *4 (C.D. Cal. Mar. 8, 2022) (citation omitted). *Braswell*, in turn, cites to *Department of Fair Employment & Housing v. Verizon California, Inc.*, which *Braswell* claims "f[ou]nd[] preemption under LMRA § 301 where named plaintiff was not a *party* to the qualifying CBA." *Id.* (citing 108 Cal. App. 4th 160 (2003)) (emphasis added). But—individual employees are not typically *parties* to a CBA; rather, a CBA is a contract between the employer and the union. 51A Corpus Juris Secundum Labor Relations § 312 (Sept. 2022 Update). Accordingly, the relevant question, for preemption purposes, is whether the plaintiff employee is *covered* by the CBA. In *Verizon California*, the California Court of Appeal stated, as to this issue: "Here, unlike *Wanland*, there is no question as to whether the employee was covered by a collective bargaining agreement. Harris clearly was." 108 Cal. App. 4th at 169. Accordingly, *Verizon California* does not really stand for the proposition for which *Braswell* cites it.

Moreover, *Braswell* seemingly relies on the portion of *Verizon California* that analyzes the California Court of Appeal's decision in *Wanland v. Los Gatos Lodge, Inc.*, which found that the labor law claims of a plaintiff who was a union member but who was *not* covered under the relevant CBA were

Second, having determined that Plaintiff's claim for unpaid overtime exists independent of the CBAs, the Court must determine whether the asserted right is substantially dependent on an analysis of the CBAs. In the context of this motion to remand, the burden of establishing substantial dependence falls on Defendant. *See Ramirez v. Quemetco, Inc.*, No. CV1703384SJOMRWX, 2017 WL 2957935, at *5 (C.D. Cal. July 11, 2017). Here, Defendant asserts that Plaintiff's overtime claim is preempted at step two of the *Burnside* analysis because "[t]he applicable CBAs include various overtime provisions including: work period, daily overtime, weekly overtime, mandatory overtime, no pyramiding overtime, distribution of overtime." Opp'n at 15 (citations omitted). Defendant further notes that the "no pyramiding" sections provide that "'[a] Registered Nurse shall receive either overtime pay or special premium pay . . . whichever is higher,'" but that the CBAs do not define "premium pay." *Id.* (citing Davis Decl. Ex. A § 1418; *id.* Ex. B § 1415). "As such, these provisions will require analysis into past practices between Grossmont and the Union to determine specific instances where 'premium pay' pay applies, in what amount, and whether it should be awarded rather than overtime." *Id.* (citing *Consol. Rail Corp. v. Ry. Labor Execs. Ass'n*, 491 U.S. 299, 307 (1989)). Plaintiff responds that "interpretation of 'past practices', even if required, does not satisfy the second part of the *Burnside* two-part test," and that Defendant therefore has not satisfied its burden of establishing that the claim requires interpretation "of an actively disputed CBA term." Reply at 5.

Here, the Court finds that it need not "interpret" the CBAs such that Plaintiff's overtime claim is substantially dependent on an analysis of the CBAs; instead, the Court can merely "look to" the CBAs in assessing Plaintiff's claim. The Court finds *Huffman* instructive on this point. There, certain "employees qualif[ied] for enhanced wages as

---

*not* preempted by the LMRA; in so holding, the court reasoned that the mere fact that the coverage issue involved judicial scrutiny of the provisions of the CBA did not render the plaintiff's action preempted. *See generally* 230 Cal. App. 3d 1507 (1991).

Ultimately, this Court does not find persuasive the one non-controlling case that appears to have miscited California law on this point.

'leads,'" but the CBA failed to define the worker category of "lead." 2019 WL 2563133, at *6. Nonetheless, the Court found that it could "simply look to—and not interpret—the CBA (along with extrinsic evidence) to factually assess whether plaintiff was . . . a Lead." *Id.* (citing *Lingle*, 486 U.S. at 407). The same is true here with regard to "special premium pay"; once that factual assessment is made based on evidence outside the CBAs, the Court merely needs to look to and apply, not interpret, the CBAs to assess Plaintiff's overtime claim.

Defendant's invocation of "past practices" is unavailing in these circumstances. *See Bartoni v. Am. Med. Response W.*, No. C 08-3978 MHP, 2009 WL 10695723, at *4 (N.D. Cal. June 19, 2009) ("This argument makes little sense. Questions about what actually happened cannot be answered by interpreting the CBAs but must be answered through testimony and evidence of actual practices over the course of the time period at issue. The fact that past practices are relevant to interpreting a CBA does not mean that every examination of past practices is, *ipso facto*, an exercise in CBA interpretation."). The Court may have to consider past practices in determining the claim for overtime pay, but that does not mean that the Court will have to "interpret" the CBAs. *See Flournoy v. Watts Healthcare Corp.*, No. 2:20-CV-06607-RGK-SK, 2020 WL 5960686, at *5 (C.D. Cal. Oct. 6, 2020) ("The heart of Plaintiff's claim is that Defendant failed to pay her for overtime hours worked. There is no allegation that Defendant applied incorrect rates or that Defendant misapplied a complex premium schedule."). Accordingly, the Court finds this claim is not preempted by the LMRA. *See Gunter v. N. Coast Cooperative, Inc.*, Case No. 20-cv-02325-RMI, 2020 WL 3394547, at *9 (N.D. Cal. June 19, 2020) (finding claims not preempted where court would have to consider past practices but not interpret CBA to resolve labor law claims).

### B.    Claims 4 (Unprovided Meal Periods) and 5 (Unprovided Rest Periods)

Defendant appears to concede that the rights asserted in Plaintiff's claims for unprovided meal and rest periods do not exist solely as a result of the CBA, instead arguing that these "claims are preempted under the second prong of the *Burnside* Test." Opp'n at

16. Accordingly, the Court accepts that these claims arise out of state law and turns to the question of whether the rights at issue are substantially dependent on the CBAs at issue in this matter. *See Jimenez v. Young's Mkt. Co., LLC*, No. 21-CV-02410-EMC, 2021 WL 5999082, at *12 (N.D. Cal. Dec. 20, 2021) (finding defendants implicitly conceded remaining claims involved rights conferred by state law and only analyzing claims under *Burnside* step two).

Defendant contends that the CBAs provide for rest and meal periods "'in accordance with State and Federal law, including any exceptions thereto relating to union representation and/or this Agreement.'" Opp'n at 16 (citations omitted). However, Defendant asserts that the applicable CBAs define no such exceptions; accordingly, "these provisions will require analysis into past practices between Grossmont and the Union," "as well as the requirement in the CBAs that a bargaining unit member 'make all reasonable efforts to notify the responsible management representative' if unable to take a meal or rest break." *Id.* (citations omitted). In response, Plaintiff again contends that there is no active dispute over any CBA term that would require "interpretation," and that interpretation of "past practices" is insufficient to satisfy the second step of the *Burnside* test. Reply at 5 (citation omitted). Plaintiff additionally contends that rest breaks and meal periods are nonnegotiable rights not subject to preemption under § 301. *Id.* at 10 (citations omitted).

As an initial matter, Plaintiff's argument concerning nonnegotiable rights is a red herring. As the Supreme Court has made clear:

> It is conceivable that a State could create a remedy that, although nonnegotiable, nonetheless turned on the interpretation of a collective-bargaining agreement for its application. Such a remedy would be pre-empted by § 301. Similarly, if a law applied to all state workers but required, at least in certain instances, collective-bargaining agreement interpretation, the application of the law in those instances would be pre-empted.

*Lingle*, 486 U.S. at 407 n7. Here, the CBAs do not waive the right to meal and rest breaks; accordingly, the meal and rest break rights at issue here could still be preempted if Plaintiff's right to meal and rest breaks was substantially dependent on interpretation of

the CBAs. Nonetheless, the Court finds that the rights at issue here do not require interpretation of the CBAs, despite Defendant's protestations to the contrary.

As above, the Court finds that the provisions identified by Defendant do not require this Court to "interpret" the CBAs in order to resolve Plaintiff's claims. To the extent Plaintiff or other employees were to "make all reasonable efforts to notify the responsible management representative" if they "anticipate[d] the inability to take" a rest or meal break, Defendant does not argue that the failure to do so had any consequences on employees' nonnegotiable rights to these breaks; accordingly, this provision appears to have no relevance to the merits of Plaintiff's claims. Likewise, any exceptions to state and federal law governing rest and meal breaks will not require interpretation of the CBAs, but merely identification of the relevant law. In short, because these claims are not substantially dependent on the CBAs, they are not preempted. *See, e.g.*, *Whiteside v. SPSG Partners, LLC*, No. 220CV01643TLNDMC, 2022 WL 832678, at *5 (E.D. Cal. Mar. 21, 2022) (finding meal and rest break claims not preempted by LMRA because claims required only "application, versus interpretation, of the relevant CBA provisions at issue," and "Defendants do not point to any vague terms or provisions which the Court will be required to evaluate"); *Bradford v. Pro. Tech. Sec. Servs. Inc. (Protech)*, No. 20-CV-02242-WHO, 2020 WL 2747767, at *8 (N.D. Cal. May 27, 2020) (finding meal period claim not preempted despite exemption for undefined "emergency situation" and need for employer to make "reasonable effort" to arrange breaks because court need only "look to" and not "interpret" the identified terms).

   C. *Claim 2 (Failure to Pay Compliant Minimum Wages)*

As to Plaintiff's claim for failure to pay compliant minimum wages, again, the Court proceeds to the second prong of the *Burnside* test given that Defendant does not contest that this claim arises out of state law. *See* Opp'n at 16; *Jimenez*, 2021 WL 5999082, at *12.

Defendant argues that Plaintiff's minimum wage claim is preempted because "Plaintiff alleges that Grossmont required Plaintiff to work during off-duty meal breaks

and participate in mandatory drug testing/COVID screenings while not clocked in," but "[t]he applicable CBAs contemplate compensation for these activities as actual hours worked" and "also state that bargaining unit employees, which includes Plaintiff, must 'make all reasonable efforts to notify the responsible management representative' if unable to take a meal or rest break." *Id.* at 16–17 (citations omitted). "As such, interpretation of the CBA, and analysis into past practices between Grossmont and the Union will be required." *Id.* at 17 (citations omitted). Plaintiff again contends that Defendant fails to identify any "active dispute" as to any terms in the CBAs that would require interpretation such that this claim is preempted. Reply at 5.

As with Plaintiff's other claims, the Court does not find that interpretation of the CBAs is required to resolve this claim. Plaintiff claims that she and other employees were not paid for all hours worked and did not receive the correct minimum wage compensation for their time worked. *See* Compl. ¶¶ 62–75. Assessing this claim merely requires the straightforward comparison of what wages were paid for what duties with the provisions of California law and the applicable sections of the CBAs. Thus, the Court need only "look to" or "apply" the CBAs, not interpret them. Accordingly, this claim is likewise not preempted.

### D.     Remaining, "Derivative" Claims

Defendant argues that Plaintiff's claims for failure to provide minimum wage, failure to provide accurate wage statements, and unlawful conduct in violation of the California Business and Professions Code "depend entirely on her overtime claim, and meal and rest break claims." Opp'n at 17. Because Defendant contends Plaintiff's overtime, meal break, and rest break claims are preempted, "all of Plaintiff's derivative claims are preempted by Section 301" as well. *Id.* at 18. Plaintiff, meanwhile, contends that "Supplemental Jurisdiction of non-preempted claims lives and dies with the Courts' original jurisdiction of the purportedly preempted claims." Reply at 10 (citing *Hunter v. United Van Lines*, 746 F.2d 635, 649 (9th Cir. 1984)). "Thus, because Plaintiff's overtime, minimum wage and

/ / /

1  meal break claims, for example, are not preempted by LMRA (as discussed above),
2  supplemental jurisdiction does not exist for the 'derivative' claims." Mot. Mem. at 24.

3  Given that the Parties agree that the remaining claims are derivative of the claims
4  analyzed *supra*, the Court agrees with Plaintiff that it cannot exercise supplemental
5  jurisdiction over Plaintiff's remaining state-law claims given that the Court has found that
6  it does not have federal-question jurisdiction based on preemption under the LMRA over
7  the claims addressed above. *See, e.g.*, *Atuatasi v. Securitas Sec. Servs. USA, Inc.*, No.
8  LA18CV2786VAPPLAX, 2018 WL 2748259, at *6 (C.D. Cal. June 6, 2018) ("Both
9  parties agree that Plaintiff's third and fourth claims for failure to provide accurate wage
10 statements and violation of the UCL are derivative of his other three claims.  Because
11 Plaintiff's first, second, and fifth claims are not preempted by the LMRA, Plaintiff's third
12 and fourth claims are also not preempted.") (citation omitted).  Accordingly, the Court
13 likewise finds that Plaintiff's remaining claims are not preempted by the LMRA.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion to Remand Case to State Court (ECF No. 12), **DENIES** Plaintiff's Request for Judicial Notice (ECF No. 12-2), and **GRANTS** Defendant's Request for Judicial Notice (ECF No. 17-1).  Accordingly, the Court **REMANDS** this action to the Superior Court for the State of California, County of San Diego, because the Complaint fails to present a federal question.  As this concludes the litigation in this matter, the Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  November 1, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge